UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

LISA YOUNG                                                          PLAINTIFF

V.                              CASE NO. 3:19-CV-363-BD

SOCIAL SECURITY ADMINISTRATION                    DEFENDANT

## ORDER

### I.  Introduction:

On February 15, 2017, Lisa Young applied for disability income benefits, alleging disability beginning on August 6, 2016. (Tr. at 10) On March 20, 2017, she filed an application for supplemental security income benefits, with the same alleged onset date. (Tr. at 199) Ms. Young's claims were denied initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge (ALJ) denied Ms. Young's application. (Tr. at 20) Ms. Young requested that the Appeals Council review the ALJ's decision, but that request was denied. (Tr. at 1) Therefore, the ALJ's decision stands as the final decision of the Commissioner. Ms. Young filed this case seeking judicial review of the decision denying his benefits.

### II.  The Commissioner's Decision:

The ALJ found that Ms. Young had not engaged in substantial gainful activity since the alleged onset date of August 6, 2016. (Tr. at 13) At step two of the five-step

analysis, the ALJ found that Ms. Young had the following severe impairments: arthritis, hypertension, depression, anxiety, and obesity. *Id.*

After finding that Ms. Young's impairments did not meet or equal a listed impairment (Tr. at 13), the ALJ determined that Ms. Young had the residual functional capacity (RFC) to perform work at the light exertional level with limitations. (Tr. at 15) She could only occasionally climb ramps and stairs, and only occasionally balance, stoop, kneel, crouch, and crawl. *Id.* She could frequently handle and finger. *Id.* And she would be limited to unskilled work. *Id.*

Based on Ms. Young's RFC and testimony from the Vocational Expert, the ALJ determined that Ms. Young was capable of returning to past relevant work as a housekeeper. (Tr. at 18) Alternatively, the ALJ found at step five, based on Ms. Young's age, education, work experience and RFC, that she was capable of performing work in the national economy as cashier II, cafeteria attendant, and surveillance system monitor.[1] (Tr. at 19) Thus, the ALJ determined that Ms. Young was not disabled. *Id.*

**III.   Discussion:**

A.   Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and assure that the decision is supported by substantial evidence on the record as a whole.

---

[1] The surveillance system monitor job is performed at the sedentary level, which means that Ms. Young would be able to perform it since the RFC is for light work. (Tr. at 19)

*Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (*citing Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). Stated another way, the decision must rest on enough evidence that "a reasonable mind would find it adequate to support [the] conclusion." *Halverson*, 600 F.3d at 929. The Court will not reverse the decision, however, solely because there is evidence to support a conclusion different from that reached by the Commissioner. *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

      B.   Ms. Young's Arguments on Appeal

      Ms. Young maintains that the evidence supporting the ALJ's decision to deny benefits is less than substantial. She argues that the ALJ should have further developed the record; that the RFC did not fully incorporate all of her limitations; and that the Appeals Council should have considered evidence received after the hearing.

      Ms. Young complained of back and hip pain; however, her lumbar, thoracic, and hip imaging tests were normal. (Tr. at 376-387) Ms. Young admitted at the hearing that she mostly saw her primary care physician, Roger Troxel, M.D., for refills of medication, which proved to be true based on the medical records. (Tr. at 355-358) Dr. Troxel treated her conditions conservatively with prescriptions medications. Ms. Young stated that hydrocodone and Celexa helped her. (Tr. at 82-85) In spite of his conservative care and generally normal clinical examinations, Dr. Troxel submitted two short medical source statements indicating that Ms. Young could not perform even sedentary work and would miss four days of work per month. (Tr. at 520-521, 584-585) He cited to no objective

evidence or clinical notes in these opinions. The ALJ properly considered the benign medical record with evidence that Ms. Young could perform a variety of daily activities and discounted these opinions.[2]   A conclusory checkbox form has little evidentiary value when it cites to no medical evidence and provides little or no elaboration. *Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012).

Dr. Troxel treated Ms. Young on various occasions for depression and anxiety, which did not appear to be debilitating. (Tr. at 459-460, 544-546) In fact, Ms. Young did not seek psychiatric clinical care until July 2018, two years after the beginning of the relevant time-period. (Tr. at 709-716) At an August 2018 appointment with her therapist, she said she was feeling better, and she testified that Xanax helped her conditions. (Tr. at 84-85, 728-729) Ms. Young has not shown that her mental impairments were disabling.

She argues that the ALJ should have further developed the record. The ALJ has a duty to develop the record fully, even when the claimant is represented by counsel, and to order a consultative examination if it is necessary to make an informed decision. *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). While an ALJ has a duty to develop the record, it is not a never-ending duty. *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011). In this case, the objective testing results were normal, treatment was conservative, Ms. Young responded positively to medication, and she proved able to engage in ordinary

---

[2] Ms. Young said she could prepare meals, shop in stores, go to church, read, drive, visit with family, and use Facebook. (Tr. at 276-280) Such daily activities undermine her claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995).

daily activities. There was no real conflict in the record to suggest that further development was warranted.

Ms. Young also argues that the RFC did not fully incorporate her limitations. A claimant's RFC represents the most she can do despite the combined effects of all of her credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996). Again, objective imaging was normal, which lends support to the ALJ's determination that Ms. Young could perform at least light work. And the ALJ likewise limited Ms. Young to unskilled work, which fully accounts for any mild mental impairments.

Finally, Ms. Young points out that she submitted orthopedic records to the Appeals Council after the hearing, showing bilateral thumb problems. She says this would have changed the ALJ's decisions had the ALJ seen the records. But the records showed that after right thumb arthroplasty, Ms. Young was doing very well. (Tr. at 52-54) The latest record in evidence pertains to a left thumb arthroplasty, with no post-operative notes. (Tr. at 62). The Appeals Council held that these records would not change the outcome of the case. (Tr. at 2) New evidence presented to the Appeals Council "must not merely detail after-acquired conditions or post-decision deterioration

of a pre-existing condition." *See Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir. 1997) (holding immaterial evidence detailing a single incident occurring after decision and noting proper remedy for post-ALJ deterioration is a new application). Ms. Young fared even better after her post-hearing thumb surgery, and the Court finds no reason to question the Appeals Council's findings.

## IV.   Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. The record was fully developed; the RFC incorporated Ms. Young's limitations; and Ms. Young has not shown that evidence submitted post-hearing would have changed the outcome. The finding that Ms. Young was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is, AFFIRMED. Judgment will be entered for the Defendant.

IT IS SO ORDERED this 2nd day of December, 2020.

_____

UNITED STATES MAGISTRATE JUDGE